UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GARY R. CORSETTI, ELLEN CORSETTI, ) <br> and MICHAEL CORSETTI, ) <br> Plaintiffs, ) <br> ) <br> v.                                                ) <br> ) <br> TOWN OF MANCHESTER-BY-THE-SEA,  ) <br> CHRISTINE BERTONI, AND STEPHEN GANG, ) <br> Defendants.                             ) <br> ) | C.A. No. 22-11045 |

**COMPLAINT AND JURY DEMAND**

Now come the Plaintiffs (collectively the "Corsettis") and bring this complaint for damages and injunctive relief as against the Defendants, Town of Manchester-by-the-Sea, Christine Bertoni and Stephen Gang.

1. The Plaintiffs, Gary R. Corsetti and Ellen Corsetti, are the owners of 10 Old Wenham Way, Manchester-by-the-Sea (the "Property"), and reside at 10 Ocean Avenue, Gloucester, MA.

2. The Plaintiff, Michael Corsetti, is the son of the Gary R. Corsetti and Ellen Corsetti, and has been authorized by them to act on their behalf with respect to the Property.

3. The Defendant, Christine ("Chris") Bertoni, has a business address of 10 Central Street, Manchester-by-the-Sea, MA.

4. The Defendant, Stephen ("Steve") Gang, has a home address of 46 Norwood Avenue, Manchester-by-the-Sea, MA.

5. The Defendant, Town of Manchester-by-the-Sea (the "Town"), is a municipality with a principal place of business at 10 Central Street, Manchester-by-the-Sea, MA.

1

6. On or about August 11, 2019, Michael Corsetti applied for a building permit to add a second floor to the existing single-story home on the Property and to otherwise improve the building. Separately, Michael Corsetti sought Town zoning board of appeals ("ZBA") approval and Town conservation commission ("ConCom") approval in relation to improving a roadway to access the Property.

7. During August 2019, Town employee Chris Bertoni trespassed on the Corsetti's Property and illegally searched same, under the auspices of ConCom.

8. There were numerous ZBA and ConCom hearings over many months which delayed and frustrated the Corsetti's ability to improve the roadway access to the Property. The Town effectuated this prolonged process to delay the use and occupancy of the Property and to prevent the further development of the Property, including the land. Ultimately, the Corsetti's obtained approval from the State DEP to override the delay being effectuated by the Town ConCom.

9. During November 2019, Stephen Gang, Conservation Commission Chair, trespassed on the Corsetti's Property and illegally searched same.

10. On December 18, 2019, Michael Corsetti provided written notice to the Town that members of the Town's conservation commission had been on the Property without permission, that such was trespassing, and that the trespassing should stop.

11. After the complaint of trespass by Michael Corsetti, neighbors and/or Town employees began using drones to view the Property from above during at least January and April 2020 and violated the Corsetti's right to privacy and to be free from unauthorized

searches by the unauthorized flying of drones over the Property and digitally recording activities on the Property.

12. On January 27, 2020, Michael Corsetti notified the Town that Sober-by-the-Sea would operate at the Property as a religious, not for profit, educational, residential sober living facility.

13. Neighbors and others, including John Carlson, have developed arguments and pressured the Town to delay development at the Property and has requested that the Corsetti's be issued tickets for accessing the Property from Walker Road.

14. On May 13, 2020, the Inspector of Buildings for the Town sent Michael Corsetti a letter stating, *inter alia*, "Additionally, it is my understanding that you are currently advertising the use of the dwelling on property as a sober house including actively seeking both residents and staff. . . Pursuant to the MA State Building Code, you may not use or occupy the newly renovated or constructed addition, including the ten new bedrooms, without a valid certificate of occupancy for the space. . . it appears you have installed an off-premises sign at or near the intersection of Crooked Lane and Old Wenham Way, advertising your said business.  A sign of that nature is not permitted by the Town's Zoning Bylaw and you are hereby directed to remove the sign by May 21, 2020."

15. The Town, through its Board of Selectmen and/or Town counsel, instructed Town employees, including its police force, to harass or otherwise interfere with the use of the Property as a sober house or for any purpose by, *inter alia*, the following actions:

a) on June 30, 2020, having the department of public works remove a sign from the corner of the Property that read, "Sober by the Sea;"

3

b) on September 15, 2020, having the police stop Michael Corsetti from accessing the Property from Walker Road;

c) during October 2020, requiring multiple and duplicative inspections of the Property by Town departments to delay issuing a certificate of occupancy;

d) requiring the payment of an unsupported sewer connection fee to delay use and occupancy of the Property;

e) imposing construction limitations and requirements, not typically imposed;

f) delaying and/or unreasonably denying approvals sought from the Town conservation commission that were ultimately approved by the State DEM;

g) demanding excessive charges to receive public records to delay and/or impair the Corsettis' ability to receive public records needed to protect their rights; and

h) destroying and/or altering public documents to prevent disclosure and review by the Corsettis.

16. On September 22, 2020, the Corsettis' counsel notified the Town again that the intended use and occupancy of the Property was as a sober recovery home for disabled individuals protected under Federal Law.

## COUNT I – FREEDOM OF SPEECH – FIRST AMENDMENT

### (v. Town of Manchester-by-the-Sea)

17. Plaintiff hereby incorporate and restate herein the foregoing paragraphs 1-16 as if fully set forth herein.

18. On June 30, 2020, and by its actions thereafter, the Town has intentionally and wrongfully interfered with the Corsettis' right to free speech by removing a sign on their property that stated, "Sober by the Sea."

19. Numerous other signs can be found posted around Town that violate the Town's zoning and general bylaws. The Town is selectively and/or subjectively enforcing its zoning and general bylaws concerning signage depending upon the message and/or content of same.

20. The Town has deprived and is continuing to deprive the Corsettis' of rights secured by the United States Constitution.

21. The Town's actions are, in whole or in part, unlawfully motivated by the Town's disagreement with the Corsetti's support of sober housing and the disabled class of individuals associated with same, and therefore the Town's action also constitutes unlawful viewpoint discrimination.

22. The Town zoning and general bylaws, contain content-based restrictions on signage that violate rights secured by the United States Constitution as interpreted by the Supreme Court of the United States.

23. The Town's zoning and general bylaws restricting signage do not further a compelling Town interest and are not narrowly tailored to achieve that goal.

24. In depriving the Corsettis' of their constitutionally protected rights, the Town acted under color of state law, without privilege to do so. This deprivation under color of state law of a constitutionally protected right is actionable and may be redressed by 42 U.S.C. Section 1983.

25.  The Corsetti's have no adequate remedy at law because of the denial of the Corsettis' fundamental constitutional rights and cannot be remedied fully and adequately through legal relief.

**COUNT II – ILLEGAL SEARCH AND SEIZURES – FOURTH AMENDMENT**

**(Chris Bertoni and Steve Gang)**

26. Plaintiffs hereby incorporate and restate herein the foregoing paragraphs 1-25 as if fully set forth herein.

27.  Under color of law, in violation of the Fourth Amendment to the United States Constitution, Chris Bertoni and Steve Gang, as set forth *supra*, conducted unreasonable, unauthorized, and unpermitted searches of the Corsettis' Property by entering upon same and/or using drones to photograph and/or digitally record the activities on said Property.

28.   As a result of these illegal searches the Corsettis have suffered harm and/or damages, including a loss of privacy and interference with their exclusive use and control of the Property.

29.  This deprivation under color of law of a constitutionally protected right is actionable and may be redressed by 42 U.S.C. Section 1983.

**COUNT III – TRESPASS**

**(Chris Bertoni, Steve Gang and the Town of Manchester-by-the-Sea)**

30.  Plaintiffs hereby incorporate and restate herein the foregoing paragraphs 1-29 as if fully set forth herein.

31.  Chris Bertoni and Steve Gang did intentionally and illegally enter upon and remain upon the Property without privilege to do so.

6

32. Chris Bertoni and Steven Gang did photograph activities on the Property without permission to do so.

33. As a result of unlawful entry upon the Property by Chris Bertoni and Steven Gang, the Corsettis have suffered damages and/or harm that may not be easily quantified.

34. The Town, at the direction of its Town Manager and/or legal department, did cause an employee of the public works department to enter upon the Property intentionally and illegally, without privilege to do so, and did remove a sign owned and affixed to the Property that read, "Sober by the Sea."

35. As a result of the unlawful entry upon the Property by the Town, through its agents, the Corsettis have suffered damages, including illegal removal of their sign and interference with their sole use and control of the Property and interference with their legal right to express themselves through signage placed on the Property.

**COUNT IV – INVASION OF PRIVACY - M.G.L. c. 214, Section 1B**

**(Town of Manchester-by-the-Sea)**

36. Plaintiffs hereby incorporate and restate herein the foregoing paragraphs 1-35 as if fully set forth herein.

37. The Town, through its agents or through others with the express permission of agents of the Town, has intruded unreasonably and substantially or seriously upon the Corsettis' solitude or seclusion by entering and physically trespassing upon their Property on at least four occasions, and then after being formally notified to cease such conduct, by conducting unauthorized drone surveillance of the Property from above.

38. The Town's invasion of the Corsettis' privacy has caused harm and damage.

**COUNT V – VIOLATION OF FAIR HOUSING ACT – 42 USC Sections 3601 et seq.**

**(Town of Manchester-by-the-Sea)**

39. Plaintiffs hereby incorporate and restate herein the foregoing paragraphs 1-38 as if fully set forth herein.

40. The federal Federal Fair Housing Act and the Fair Housing Amendments Act forbid discrimination towards individuals because of their disability or towards a person associated with them.

41. Federal law prohibits municipalities from discriminating against protected classes, or in effectuating discriminatory goals of others, through the use of or imposition of rules, laws or zoning, whether legal or otherwise, if done with discriminatory animus or without animus if done in a way that effectuates the discriminatory goals of others.

42. The Corsettis are associated with and/or provide housing to disabled/handicapped individuals.

43. At all material times hereto, the Town knew that the intended occupants and/or occupants of the Property were a protected class.

44. The Town, through its actions and inaction, *supra*, and intentional conduct and/or willful ignorance of applicable laws that require that disabled/handicapped individuals be treated fairly and provided equal access to housing have violated Federal law by discriminating against the Corsettis.

45. The Town has violated the Corsettis' rights under the FHAA by:

    a. enforcing discriminatory rules and internal policies, because of the Corsettis association with the disabled;

      b. interfering the rights of the disabled occupants to live in the dwelling of their choice, by delaying legal use and occupancy of the Property; and

      c. selective enforcement and/or targeting the Corsettis because of their association with the disabled and the exercise of their fair housing rights.

46. The Town's conduct in having signage removed, through the selective enforcement of Town signage laws, trespassing upon and invading the privacy of the Corsettis, using the police to carry out enforcement tasks for Town counsel and the board of selectmen, delaying the use and occupancy of the Property through the building department process and enforcement, delaying approval of the improvement of access to the Property, and otherwise discriminating against the Corsettis as is set forth above is in violation of the Fair Housing Act as amended.

47. The Town's wrongful conduct, as set forth above, has caused the Corsettis to incur legal fees, delay use and occupancy of the Property, has resulted in a trespass, illegal search and/or seizure and/or invasion of their privacy, has denied them the right and privilege of free speech and expression, and has otherwise caused them damages, including business losses.

**PRAYER FOR RELIEF**

WHEREFORE, the Corsettis request the following relief:

1. An order declaring the Town violated the Corsettis' rights protected under the First Amendment of the United States Constitution and that the "Sober by the Sea" sign may be re-installed on the Corsettis' property/easement;

2. An order that the Town engaged in unlawful viewpoint discrimination in violation of the First Amendment of the United States Constitution.

3.  An order that the Town's general and zoning bylaws as set forth above violate the First Amendment of the United States Constitution and are unenforceable.

4.  An order that Christine Bertoni and Steve Gang conducted an illegal search of the Corsettis Property in violation of Fourth Amendment of the United States Constitution.

5.  An order that the Town, Christine Bertoni and Steve Gang did trespass upon the Corsettis Property.

6.  An order that the Town has violated the Corsettis privacy rights under State law.

7.  An order that the Town violated the Fair Housing Act, as amended, by discriminating against the Corsettis because of their association with the disabled.

8.  An entry of nominal and/or actual damages against the Town, Christine Bertoni and Steve Gang and in favor of the Corsettis and an award of reasonable attorney fees and costs to the Corsettis incurred under applicable law.

9.  An order granting such further and different relief as this Court may deem just and proper and that is necessary to make the Corsettis whole.

**A trial by jury is requested.**

Dated: June 30, 2022.

Plaintiffs, by counsel,

/s/Andrew J. Tine

_____
Andrew J. Tine (BBO#633639)
18 Maple Avenue, Suite 267
Barrington, RI 02806
(401) 396-9002 – Tel.
atine@tinelaw.com